LAW LIBRARY

**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

NO. 29928

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
OLEG P. SOLODAR, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1DTC-09-034172)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Leonard, J., and Circuit Judge Del Rosario,
in place of Foley and Fujise, JJ., both recused)

Defendant-Appellant Oleg P. Solodar (Solodar) appeals from the Judgment filed on June 15, 2009,[1] in the District Court of the First Circuit (district court).[2] Solodar was convicted of excessive speeding in violation of Hawaii Revised Statutes (HRS) §§ 291C-105(a)(1), -105(c)(1) (2007 & Supp. 2009).

On appeal, Solodar argues that: 1) his waiver of his right to counsel at trial was invalid because the district court failed to adequately advise him of the risks of representing himself; and 2) the district court committed plain error by admitting evidence of a laser gun's speed reading without an adequate foundation for such evidence being laid.

We resolve Solodar's points of error as follows:

1. In accepting Solodar's waiver of his right to counsel, the district court only advised Solodar that the excessive speeding charge against him was a crime, not just a traffic infraction, and that the maximum penalty was "five days

---

[1] The bar code affixed to the Judgment bears the date June 9, 2009, but the Judgment is file-stamped June 15, 2009.

[2] The Honorable Faye M. Koyanagi presided.

[in] jail."[3] The district court did not advise Solodar of the risks of self-representation. Plaintiff-Appellee State of Hawai'i (State) acknowledges that the district court's colloquy was inadequate to ensure that Solodar's waiver of his right to counsel was made knowingly and intelligently. We agree that the district court's colloquy was deficient, and we conclude that Solodar did not validly waive his right to counsel. See State v. Dickson, 4 Haw. App. 614, 618-23, 673 P.2d 1036, 1041-43 (1983);

---

[3] We note that the district court's advisement on the record regarding the punishment that could be imposed was incomplete. Solodar was subject to the following penalties under HRS § 291C-105(c)(1), which provides as follows:

> (c) Any person who violates this section shall be guilty of a petty misdemeanor and shall be sentenced as follows without the possibility of probation or suspension of sentence:
>
> (1) For a first offense not preceded by a prior conviction for an offense under this section in the preceding five years:
>
> (A) A fine of not less than $500 and not more than $1,000;
>
> (B) Thirty-day prompt suspension of license and privilege to operate a vehicle during the suspension period, or the court may impose, in lieu of the thirty-day prompt suspension of license, a minimum fifteen-day prompt suspension of license with absolute prohibition from operating a vehicle and, for the remainder of the thirty-day period, a restriction on the license that allows the person to drive for limited work-related purposes;
>
> (C) Attendance in a course of instruction in driver retraining;
>
> (D) A surcharge of $25 to be deposited into the neurotrauma special fund;
>
> (E) May be charged a surcharge of up to $100 to be deposited into the trauma system special fund if the court so orders;
>
> (F) An assessment for driver education pursuant to section 286G-3; and
>
> (G) Either one of the following:
>
> (i) Thirty-six hours of community service work; or
>
> (ii) Not less than forty-eight hours and not more than five days of imprisonment[.]

2

Carvalho v. Olim, 55 Haw. 336, 342-43, 519 P.2d 892, 897 (1974). Such error was not harmless. See Chapman v. California, 386 U.S. 18, 23 n.8 (1967) (violating a criminal defendant's right to counsel can never be harmless error); Arizona v. Fulminate, 499 U.S. 279, 309-10 (1991).

2.    At trial, Honolulu Police Department Officer Mark Suaglar (Officer Suaglar) testified without any objection from Solodar that Officer Suaglar's laser gun showed that Solodar's vehicle was traveling 66 miles per hour in an area where the speed limit was 35 miles per hour. On appeal, Solodar argues that the district court plainly erred in admitting Officer Suaglar's testimony regarding the laser gun's speed reading because the State failed to lay a sufficient foundation for such testimony. We disagree. By failing to object to Officer Suaglar's testimony regarding the laser gun's speed reading at trial, Solodar waived his right to challenge the admission of that testimony on appeal. See State v. Wallace, 80 Hawai'i 382, 409-10, 910 P.2d 695, 722-23 (1996); State v. Winfrey, No. 28737, 2009 WL 4988719 (Hawai'i December 22, 2009) (order affirming judgment on appeal); State v. Duran, No. 30047, 2010 WL 2914377 (Hawai'i App. July 27, 2010) (summary disposition order). Considering Officer Suaglar's testimony, there was sufficient evidence to support Solodar's conviction.

Based on the foregoing, we vacate the district court's June 15, 2009, Judgment, and we remand the case for a new trial.

DATED:  Honolulu, Hawai'i, August 31, 2010.

On the briefs:

Earle A. Partington
for Defendant-Appellant

Brian R. Vincent
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

*Craig H. Nakamura*
Chief Judge

Associate Judge

Acting Associate Judge

3